UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARTHUR MERCER,
                Plaintiff,

       v.                                No. 1:11-CV-490
                                                   (GTS/DRH)

ERIC T. SCHNEIDERMAN, Attorney
General of New York, HOLLY D. CARNRIGHT,
Ulster County Ditrict Attorney;
KEVIN C. HARP, Ulster County Prosecutor;
and ULSTER COUNTY,

                Defendants.
_____

APPEARANCES:

ARTHUR MERCER
Plaintiff Pro se
01646
Ulster County Jail
380 Boulevard
Kingston, New York 12401

DAVID R. HOMER
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

### I.    Background

    The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, filed by plaintiff Arthur Mercer ("Mercer" or "plaintiff") who is currently incarcerated at Ulster County Jail. Dkt. Nos. 1, 2. Plaintiff has not paid the filing fee.

    Mercer brings this action resulting from his conviction in state court.[1] Here, Mercer

---

[1] This action is Mercer's third civil rights complaint filed in this District resulting from the same state court conviction. *See Mercer v. Petro*, No. 11-CV-157 (GTS/DRH) and *Mercer v. Cuomo*, No. 11-CV-232 (GTS/DRH).

alleges that the indictment leading to his conviction was wrongfully obtained by the defendants.  Specifically, Mercer contends he was not represented by counsel at the time his case was presented to the grand jury by defendant Assistant District Attorney Kevin C. Harp and he thus was not afforded the opportunity to testify on his own behalf.   Mercer further contends that defendant Attorney General Eric T. Schneiderman condoned the alleged violation, and defendant District Attorney Holley D. Carnright violated Mercer's right to due process by allowing defendant Harp to present Mercer's case to the grand jury.   Dkt. No. 1 at 2.

## II.  Discussion

### A. Initial Screening

The Court has reviewed Mercer's *in forma pauperis* application.  *See* Dkt. No. 2. Because Mercer sets forth sufficient financial need, the Court finds that Mercer qualifies to proceed *in forma pauperis*.

Having found that Mercer meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Title 28 of the United States Code, Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B).² Thus, although the court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.³

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

---

² To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

³ "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources." *Neitzke*, 490 U.S. at 327.

**B. Sufficiency of the Complaint Under 28 U.S.C. § 1915A**

Since Mercer is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915A. In his *pro se* complaint, Mercer alleges that the defendants violated his constitutional rights by failing to afford him an opportunity to testify on his own behalf before the grand jury. Plaintiff seeks disciplinary action against defendants Carnright and Harp and monetary damages. Dkt. No. 1 at 3.

Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").

Mercer seeks money damages as relief for his allegedly unlawful confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at

486-87.[4]  "*Heck* uses the word 'sentence' interchangeably with . . . 'continuing confinement' and 'imprisonment.'" Thus, any shortening of a term of confinement will be subject to the rule in *Heck*.  *Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005) (quoting [*Heck*,] 512 U.S., at 483, 486, 114 S. Ct. 2364) (other citation omitted); *see also Jude v. New York State*, No. 07 Civ. 5890, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009) (citing cases).

Here, Mercer's claim for monetary damages is predicated upon his assertion of deprivation of his liberties the indictment was obtained without the benefit of his own testimony.  The allegations in the complaint are not sufficient to allow the Court "to draw the reasonable inference" that plaintiff has been illegally detained or that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, this claim is subject to dismissal without prejudice[5] pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[6]

Additionally to the extent plaintiff seeks money damages from the New York State Department of Corrections ("DOCS"), it is well settled that the Eleventh Amendment protects a state from suit for monetary damages. *See Will v. Michigan Dep't of Police*, 491 U.S. 58, 71 (1989); *see also Anonymous v. Kaye*, No. 97-CV-1064, 1997 WL 781477, at *2 (N.D.N.Y. Dec. 15, 1997). This claim thus fails to state a claim upon which relief may be granted and is

---

[4] Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

[5] *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

[6] This Court in a Report-Recommendation filed in *Mercer v. Petro*, No. 11-CV-157 (GTS/DRH), advised Mercer of available habeas corpus relief under 28 U.S.C. § 2254.  *See* Docket No. 11-CV-157, Docket  Entry No. 5 at 4.

subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

To the extent that Mercer alleges that Attorney General Schneiderman and District Attorney Carnright allowed Assistant District Attorney Harp to criminally prosecute Mercer, the defendants should be dismissed because "prosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution – or failure to prosecute – individuals.  See Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence).  Accordingly, these defendants should be dismissed from this action on this ground as well.

**WHEREFORE**, it is hereby

**RECOMMENDED** that plaintiff Mercer's complaint be **DISMISSED** as to all claims and all defendants pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim; and it is further

**ORDERED** that although Mercer qualifies to proceed *in forma pauperis,* his application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and Report-Recommendation on Mercer by regular mail, and certified return receipt mail.


Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health &

Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: May 12, 2011

_David R. Homer_
United States Magistrate Judge