UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ARTHUR MERCER,

                              Plaintiff,
                                                              1:11-CV-0490
v.                                                            (GTS/DRH)

ERIC T. SCHNEIDERMAN, Attorney General for the
State of New York; HOLLEY D. CARNRIGHT, Ulster
County District Attorney; and KEVIN C. HARP, Ulster
County Prosecutor,

                              Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

ARTHUR MERCER, 001646
  Plaintiff, *Pro Se*
Ulster County Jail
380 Boulevard
Kingston, New York 12401

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* civil rights action, filed by Arthur Mercer

("Plaintiff") against the three above-captioned individuals ("Defendants"), is United States

Magistrate Judge David R. Homer's Report-Recommendation recommending that Plaintiff's

Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), based on his finding that

the claims asserted in that Complaint fail to state a claim upon which relief can be granted,

pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 5.)  For the reasons set forth below, the Report-

Recommendation is accepted and adopted, and Plaintiff's Complaint is dismissed with prejudice.

I.      RELEVANT BACKGROUND

    A.      **Plaintiff's Complaint**

On April 29, 2011, Plaintiff filed his Complaint.  (Dkt. No. 1.)   Generally, in his

Complaint, Plaintiff alleges that Defendants violated his constitutional rights in the following

respects: (1) Defendant Carnright allowed Defendant Harp to present an indictment to the Ulster

County Court grand jury despite Plaintiff not having legal representation, in violation of his right

to due process under the Fourteenth Amendment; (2) Defendants Carnright and Harp did not

allow Plaintiff to testify before the grand jury despite receiving notice that Plaintiff intended to

do so, in violation of his right to due process under the Fourteenth Amendment; and (3)

Defendant Schneiderman allowed Defendant Harp to present the criminal case against Plaintiff

to the grand jury despite Plaintiff not having legal representation, in violation of his right to

equal protection under the Fourteenth Amendment.  (Dkt. No. 1 at 2.)  For a more detailed

recitation of Plaintiff's allegations, the Court refers the reader to the Complaint in its entirety,

and to Magistrate Judge Homer's thorough Report-Recommendation, which accurately describes

those allegations.  (Dkt. Nos. 1, 5.)

    B.      **Magistrate Judge Homer's Report-Recommendation**

On May 16, 2011, Magistrate Judge Homer issued a Report-Recommendation

recommending that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. §

1915(e) for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.

12(b)(6).  (Dkt. No. 5.)  Magistrate Judge Homer based his recommendation on the following:

(1) the fact that Plaintiff's claims for money damages are barred by the rule set forth by the

Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff failed to

allege facts plausibly suggesting that his criminal conviction "has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ."; (2) the fact that Plaintiff's claims for money damages against the New York State Department of Corrections ("DOCS") are barred by the Eleventh Amendment; and (3) the fact that Defendants Schneiderman and Carnright are absolutely immune from liability under 42 U.S.C. § 1983 to the extent Plaintiff's claims are based on them allegedly allowing Defendant Harp to criminally prosecute him.  (Dkt. No. 5.)

C.     Plaintiff's Objection to the Report-Recommendation

On June 30, 2011, after an extension of time was granted by the Court, Plaintiff filed his Objection to the Report-Recommendation.  (Dkt. No. 8.)  In his Objection, Plaintiff "agrees with this [C]ourt in its decision to dismiss [his] Complaint but respectfully request[s] [permission] . . . to resubmit [his Complaint] if the need arise[s]" at "a later date."  (Dkt. No. 8, at 2-3.)  Liberally construed, then, Plaintiff's Objection objects only to the dismissal of his Complaint *with prejudice*, requesting leave to file either an Amended Complaint or a new action.

II.     STANDARD OF REVIEW

A.     Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).[1]  When

---

[1]     On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he

only general objections are made to a magistrate judge's report-recommendation (or the objecting

party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest

injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*2-3 (N.D.N.Y. Sept. 22,

1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court

reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826,

1995 WL 453299, at \*1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R.

Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting

the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

> **B.   Standard of Review Governing a Dismissal Pursuant to
> 28 U.S.C. § 1915A(b)(1)**

Magistrate Judge Homer correctly recited the legal standard governing a dismissal

pursuant to 28 U.S.C. § 1915A(b)(1).  (Dkt. No. 5, Part II.B.)   As a result, this standard is

incorporated by reference in this Decision and Order.

## III.   ANALYSIS

As stated above in Part I.B. of this Decision and Order, Plaintiff concedes, in his

Objection, that dismissal of his Complaint is proper; rather, he objects only to the dismissal of

his Complaint *with prejudice*, requesting leave to file either an Amended Complaint or a new

---

"offered no justification for not offering the testimony at the hearing before the magistrate").

[2]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at \*1 (S.D.N.Y. Dec.
12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the
constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be
adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."),
*aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

4

action.  (Dkt. No. 8, at 2-3.)  As a result, the Report-Recommendation need be reviewed for only clear error, except for that portion of the Report-Recommendation recommending that the dismissal of Plaintiff's Complaint be with prejudice, which need be reviewed *de novo*.

With respect to Magistrate Judge Homer's recommendation that Plaintiff's Complaint be dismissed, the Court can find no error–clear or otherwise–in that recommendation, based on a careful review of all of the papers in this action.  Magistrate Judge Homer employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, that portion of the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed.

With respect to Magistrate Judge Homer's recommendation that the dismissal be *with prejudice*, the Court finds that that recommendation survives a *de novo* review.  Generally, when a district court dismisses a *pro se* claim *sua sponte*, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.[3]  As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL

---

[3]    *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); *Health–Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here ... there is no merit in the proposed amendments, leave to amend should be denied").

599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend

where it appears that amendment would prove to be unproductive or futile.").[4]  Here, the Court

finds that, even when Plaintiff's claims are construed with the utmost of special liberality, the

defects in those claims are substantive rather than merely formal, such that any amendment

would be futile.  As a result, the remainder of Magistrate Judge Homer's Report-

Recommendation is accepted and adopted, and the dismissal of Plaintiff's Complaint is *with

prejudice*.

      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 5) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** with prejudice.

Dated:  August 18, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[4]     The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955 (2007).  *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45–46 [1957] ).  Thus, this standard does not appear to be an accurate recitation of the governing law.